IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs March 30, 2026

## REMMIA RADHAKRISHNAN SUKAPURATH v.SAJEESH KUMAR KAMALA RAGHAVAN

**Appeal from the Circuit Court for Shelby County
No. CT- 4324-21    W. Mark Ward, Senior Judge**

————————————————————

**No. W2026-00450-COA-T10B-CV**

————————————————————

This is an accelerated interlocutory appeal as of right filed pursuant to Tennessee Supreme Court Rule 10B. Due to numerous deficiencies in Appellant's petition, the appeal is dismissed.

**Tenn. Sup. Ct. R. 10B Interlocutory Appeal as of Right; Appeal Dismissed**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which JOHN W. MCCLARTY, P.J., E.S., and JEFFREY USMAN, J., joined.

Sajeesh Kumar Kamala Raghavan, Cordova, Tennessee, Pro se.

Leah Lloyd Hills, Memphis, Tennessee, for the appellee, Remmia Radhakrishnan Sukapurath.

## OPINION

### I.

On March 29, 2026, Appellant Dr. Sajeesh Kumar Kamala Raghavan filed in this Court an Emergency Petition For Accelerated Interlocutory Appeal. Therein, Dr. Raghavan states that he named Judge W. Mark Ward, senior judge for the Shelby County Circuit Court ("the trial court) as a defendant in a federal civil rights action filed on February 20, 2026, after which he moved in the trial court "for recusal based on this objective adversarial conflict." The petition states that Dr. Raghavan seeks immediate review of both the trial court's March 20, 2026 order denying his motion for recusal and "the subsequent enforcement orders entered March 24, 2026." Dr. Raghavan's petition is accompanied by

several exhibits: (1) a non-file-stamped copy of the order denying his motion to recuse, (2) a March 24, 2026 order denying his request for Rule 60.02 relief, (3) a non-file-stamped order modifying a December 2025 judgment of civil contempt, (4) Dr. Raghavan's notarized affidavit outlining his alleged grounds for recusal, dated March 27, 2026, (5) Dr. Raghavan's March 24, 2026 amended complaint for injunctive and declaratory relief filed in federal court, and (6) three notarized "formal consular notice[s]" Dr. Raghavan apparently sent to various Indian officials, dated March 27, 2026. According to the order included in Dr. Raghavan's appellate submissions, the trial court found that a party may not "create grounds for disqualification through the unilateral act of filing lawsuits naming judges, court personnel, or participants in prior proceedings." The trial court further concluded that Dr. Raghavan had failed to come forward with evidence that would cause a reasonable person to question its impartiality. From this order, Dr. Raghavan now seeks an accelerated interlocutory appeal.

## II.

Based on our review of Dr. Raghavan's petition for recusal appeal, we have determined that neither an answer, additional briefing, nor oral argument is necessary, and we elect to act summarily on the appeal. *See* Tenn. Sup. Ct. R. 10B, §§ 2.05 (providing that the appellate court may act summarily on the appeal if it determines that no answer is needed), 2.06 (providing that the accelerated interlocutory appeal shall be decided on an expedited basis and, in the court's discretion, without oral argument).

Rule 10B of the Rules of the Supreme Court of the State of Tennessee governs the procedure for determining "whether a judge should preside over a case." Tenn. Sup. Ct. R. 10B. Before we consider the merits of Dr. Raghavan's appeal, we look to Rule 10B's procedural requirements. A party seeking disqualification of a trial judge must "do so by a written motion filed promptly after a party learns or reasonably should have learned of the facts establishing the basis for recusal." Tenn. R. Sup. Ct. 10B, § 1.01. "The motion shall be supported by an affidavit under oath or a declaration under penalty of perjury on personal knowledge and by other appropriate materials." *Id.* In addition to stating with specificity the factual and legal basis for recusal, the motion "shall affirmatively state that it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." *Id.*

Once a trial court denies a recusal motion, the trial court's ruling may be raised as an issue in an appeal as of right from the court's final judgment or appealed directly in an accelerated interlocutory appeal as of right. Tenn. Sup. Ct. R. 10B, § 2.01. Rule 10B specifies that, in addition to containing certain substantive elements, a petition for an accelerated interlocutory recusal appeal "shall be accompanied by a copy of the motion and all supporting documents filed in the trial court, a copy of the trial court's order or opinion ruling on the motion, and a copy of any other parts of the trial court record necessary for determination of the appeal." Tenn. Sup. Ct. R. 10B, § 2.03.

Generally, the only record available to this Court in reviewing expedited recusal appeals is that provided by the appellant alongside his or her petition. *See **Trigg v. Trigg***, No. E2016-00695-COA-T10B-CV, 2016 WL 1730211, at *2 (Tenn. Ct. App. Apr. 27, 2016). We have consistently stressed that "the accelerated nature of these interlocutory appeals as of right requires meticulous compliance with the provisions of Rule 10B regarding the content of the record provided to this Court[.]" ***Elliott v. Elliott***, No. E2012-02448-COA-T10B-CV, 2012 WL 5990268, at *3 (Tenn. Ct. App. Nov. 30, 2012); *see also **Johnston v. Johnston***, No. E2015-00213-COA-T10B-CV, 2015 WL 739606, at *2 (Tenn. Ct. App. Feb. 20, 2015) (noting that "it is imperative that litigants file their petitions for recusal appeal in compliance with the mandatory requirements of Rule 10B in the first instance"). Here, deficiencies in the record included with Dr. Raghavan's petition for recusal appeal prevent this Court from meeting our obligation to decide this appeal on an expedited basis.

First, Dr. Raghavan's petition does not include a copy of the motion for recusal filed in the trial court. We therefore have no means of knowing what allegations Dr. Raghavan raised in the trial court, let alone whether they constituted sufficient grounds for disqualification.[1] *See **Cisneros v. Miller***, No. M2016-02426-COA-T10B-CV, 2017 WL 113964 (Tenn. Ct. App. Jan. 6, 2017) (dismissing appeal where recusal petition was not accompanied by a copy of the motion for recusal); ***Blevins v. Green***, No. E2023-00295-COA-T10B-CV, 2023 WL 2398256 (Tenn. Ct. App. Mar. 8, 2023) (dismissing appeal where recusal petition only contained the order denying the motion for recusal and not the motion itself).

Moreover, without a copy of the recusal motion, we are unable to determine whether the motion was accompanied by an affidavit or declaration under penalty of perjury that the allegations therein were made upon Dr. Raghavan's personal knowledge and an affirmative statement that the motion was not made for an improper purpose. Inclusion of these documents is mandatory, and "[w]hen a petitioner fails to support a motion with this mandatory affidavit or declaration under penalty of perjury, we have repeatedly held that the request for recusal was waived." ***Moncier v. Wheeler***, No. E2020-00943-COA-T10B-CV, 2020 WL 4343336, at *3 (Tenn. Ct. App. July 28, 2020) (collecting cases). Thus,

---

[1] To the extent that Dr. Raghavan's recusal petition alleges that the trial court's actions following its denial of his motion to recuse serve as additional bases for recusal, that argument is simply not properly before this Court. Our sole concern in this interlocutory appeal is whether the trial court erred in denying Dr. Raghavan's motion for recusal. *See **Duke v. Duke***, 398 S.W.3d 665, 668 (Tenn. Ct. App. 2012). "We will not consider additional allegations of bias raised on appeal when not included in the initial motion for recusal filed in the trial court." ***Sukapurath v. Raghavan***, No. W2024-01106-COA-T10B-CV, 2024 WL 3949068, at *2 (Tenn. Ct. App. Aug. 27, 2024) (citing ***McKenzie v. McKenzie***, No. M2014-00010-COA-T10B-CV, 2014 WL 575908, *6 n.3 (Tenn. Ct. App. Feb. 11, 2014) (declining to consider additional allegations of bias raised on appeal when not included in the initial motion for recusal filed in the trial court); ***Malone v. Malone***, No. W2023-00843-COA-T10B-CV, 2023 WL 8457951, at *14 (Tenn. Ct. App. Dec. 6, 2023) (citing ***McKenzie***)). Clearly, actions taken after the motion was adjudicated were not included in the motion.

when the record on interlocutory appeal is "procedurally flawed" by the petitioner's failure to include a sworn affidavit or declaration under penalty of perjury in support of the motion to recuse, "the record is insufficient to determine the issues raised" in the appeal. ***Childress v. United Postal Serv., Inc.***, No. W2016-00688-COA-T10B-CV, 2016 WL 3226316, at \*3 (Tenn. Ct. App. June 3, 2016).

Finally, the copy of the trial court's order denying his recusal motion provided by Dr. Raghavan is not file-stamped. The lack of a file-stamped copy leaves us unable to ascertain that this order was actually entered by the trial court "in the same form and manner." ***Rothberg v. Fridrich & Assocs. Ins. Agency, Inc.***, No. M2022-00795-COA-T10B-CV, 2022 WL 2188998, at \*2 (Tenn. Ct. App. June 17, 2022). While we are not saying that the order as entered has been purposely altered in any way, "[w]ithout the trial court clerk's file stamp, we simply cannot be certain." ***Smith v. Daniel***, No. M2019-02083-COA-T10B-CV, 2019 WL 6825976, at \*1 n.1 (Tenn. Ct. App. Dec. 13, 2019). In some cases we have overlooked the fact that the documents included in the record were not file-stamped to consider the merits of the recusal appeal. *See **id.*** (treating the documents included in the record as copies of those submitted in the trial court for purposes of its decision); ***Halliburton v. Ballin***, No. W2022-01208-COA-T10B-CV, 2022 WL 4397190, at \*2 n.2 (Tenn. Ct. App. Sept. 23, 2022) (choosing to "give[] the appellant the benefit of the doubt and treat[] the documents as those filed in the trial court"). In light of the other deficiencies in Dr. Raghavan's petition, we decline to do so in this case. *See **Rothberg***, 2022 WL 2188998, at \*2 (noting that even if the Court was inclined to overlook the lack of file-stamped copies of the recusal motion and other documents, other deficiencies in the record similarly required dismissal); *see also **Smith***, 2019 WL 6825976, at \*1 n.1 (cautioning litigants that such deficiencies may not be overlooked in future cases).

We acknowledge that Dr. Raghavan is proceeding pro se in this appeal. As explained by this Court, "[t]he courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary." ***Jackson v. Lanphere***, No. M2010-01401-COA-R3-CV, 2011 WL 3566978, at \*3 (Tenn. Ct. App. Aug. 12, 2011) (quoting ***Hessmer v. Hessmer***, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003)). Therefore, "[w]hile entitled to fair and equal treatment before the courts, a pro se litigant is still required to comply with substantive and procedural law as do parties represented by counsel." ***Gilliam v. Gilliam***, No. M2007-02507-COA-R3-CV, 2008 WL 4922512, at \*3 (Tenn. Ct. App. Nov. 13, 2008) (citing ***Hessmer***, 138 S.W.3d at 903). Dr. Raghavan's pro se status does not relieve him of the obligation to comport with the requirements set out in Rule 10B. Here, Dr. Raghavan's failure to comply with these mandatory procedural requirements has created a record that prevents this Court from meeting our obligation to review this appeal on an expedited basis.

### III. CONCLUSION

This appeal is dismissed and the matter is remanded to the trial court for further proceedings. Costs of this appeal are taxed to Appellant Dr. Sajeesh Kumar Kamala Raghavan, for which execution may issue if necessary.


s/ J. Steven Stafford
J. STEVEN STAFFORD, JUDGE